IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LARRY KLAYMAN, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | |
| § | CAUSE NO. 1:20-CV-1014-LY |
| JULIA PORTER, HAMILTON FOX III, § | |
| AND LAWRENCE BLOOM, § | |
|     DEFENDANTS. § | |

## **ORDER**

Before the court in the above-styled and numbered cause is Defendants Julia Porter, Hamilton Fox, and Lawrence Bloom's Motion to Transfer and Memorandum in Support Thereof filed October 20, 2020 (Doc. #4). Plaintiff Larry Klayman's response was due October 27, 2020. *See* Loc. R. W.D. Tex. CV-7(e)(2) (requiring party opposed to motion to respond within seven days of service of nondispositive). Although Klayman's opposition to the motion is noted in the motion's certificate of conference, to date no response has been filed.

Porter, Fox, and Bloom are all officials of the District of Columbia Bar's Office of Disciplinary Counsel and reside, are employed in, or maintain an office in the District of Columbia. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court must first address "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Conduct Klayman complains of occurred in the District of Columbia, where venue is proper. 28 U.S.C. § 1391(b)(2).

In the context of Title 28 United States Code Section 1404(a), "good cause" requires "clearly demonstrat[ing] that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The court agrees with Porter, Fox, and Bloom that the private and public interests in this case weigh heavily in favor of transfer to the District of Columbia. *See id.* Porter, Fox, and Bloom have no connection to Texas. The conduct that Klayman complains of involves a letter which Porter, Fox, and Bloom send in the ordinary course to every jurisdiction in which a suspended lawyer is admitted. All parties either reside or maintain offices in the District of Columbia. Klayman has not identified any non-party witnesses located in the Western District of Texas. Further, transfer of this case to the District of Columbia would provide for the least costly means of conducting discovery.

There is no concern of delay in this matter due to transfer. *Cf. Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (holding that transfer may be inappropriate when it would cause "yet another delay in this protracted litigation."). Here, the motion was filed by Porter, Fox, and Bloom before their time to respond to the complaint has passed, and as such, there is no concern about protracted litigation.

Having carefully considered the motion, record, and applicable law, the court finds that good cause exists to transfer this case to the District of Columbia and concludes that the motion should be granted. Accordingly,

**IT IS ORDERED** that Porter, Fox, and Bloom's motion to transfer is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the District of Columbia.

SIGNED this _29th_ day of October, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE